Curia, per Butler, J.
The summary of the case before us is this. An uncle, having no children himself, on his death bed was anxious to bestow some bounty on the plain* tiff — at the time an infant in the arms — and with that view requested his father, the intestate of defendant, to take charge of a certain fund and to pay it over to the object of his bounty when he became of age. The father, in pursuance of the request, undertook the agency, and in due time collected the fund, and put it out at interest for the benefit of the plaintiif. Until the time of his death, he acknowledged a continuing liability to account for the money thus received, in fulfilment of the understanding with his deceased son, and in discharge of his trust. For more than eighteen years he held or had the control of the money in right of the plaintiff; and during that time no demand or claim was ever made on him by any of the dis-tributees of the deceased benefactor.
I have used the word bounty; for in its origin the benefit intended for the plaintiif, by the dying request of his uncle, could not well be regarded either as a bequest, nor, perhaps, could it operate as a valid gift. The plaintiff’s right depends on another view of the subject, to wit, on the length and character of the intestate’s possession of the fund. Under the circumstances of such a possession, could any one, at the death of Gilbert Mann, have legally claimed the fund besides the plaintiff? If any others could, it must have been the administrator or distributees of Jonathan Mann. If we suppose that administration has been committed to any one, it most likely must have been done shortly after the death of the deceased. In that sup *125 position, a right of action would have immediately accrued to the administrator, and has been long ago barred by the operation of the statute of limitations ; the statu or y period having more than quadrupled itself since the intestate took charge of the fund in question. It was, therefore, in his power, during his lifetime, to have resisted the demand of an administrator representing the claims of creditors. His possession, in whatever light it may he regarded, was adverse to any other claim than that of the plaintiff; and we have every reason to believe that he would have protected that claim in preference to all others.
But another view has been suggested and insisted on ; that is, that Gilbert Mann, in legal contemplation, received the money under a trust, to hold it as executor de son tort for the distributees or next of kin of Jonathan Mann. From the circumstances attending the original transaction, we have many reasons to conclude that the distributees were not unacquainted with the request of their relative, and the manner in which the fund was held in compliance with it.
It was surely competent for them to consent to such an arrangement without insisting on their strict legal rights. Persons may waive their rights, at law, for any purpose; and when it is done w’ith a view of subserving the designs or gratifying the wishes of a dying relative, such conduct has the sanction of highly worthy and even pious considerations to sustain it. I can see no reason to suppose that the relatives and distributees of Jonathan Mann were indifferent to such considerations; and it is almost certain that his estate has now no unsatisfied creditors. An acquiescence for nineteen years would raise the presumption— if it does not confirm the belief — that all the parties interested in this fund have assented to all that has been done in relation to it. They have not, and I will venture the assertion, they will not lay any claim to it. If any should think proper to do so, let them do it after the fund has been paid over to the party entitled to receive it, and for whose use it has been so long held.
This suggests another view of the subject, and that is in relation to the rights of the intestate and his adminis- *126 tralor : can the defendant withhold the money in right of his intestate’s estate ? I think it very clear that the intestate could not, and would not, himself, have claimed the money in his own right against the demand of the plaintiff. He held the money under a continuing and subsisting trust at his death, or shortly before it, for the plaintiff. He could not, therefore, have availed himself of the statute of limitations, to defeat a right which he had so long acknowledged. Nor is there any reason to believe that he would have done so under any circumstances. Respect for the dead, and duty to the living, would have forbid it. His moral disposition on the subject would have coincided with his legal liability. Having accepted the charge of the money for the plaintiff, he was bound, under every obligation, to pay it over to him.
So far as it regards the rights of others, in legal contemplation, his possession was that of the plaintiff; and so far as it regarded any rights of his own, they were limited by his trust, and could not exist in opposition to it.
Now, can this defendant be allowed to assume a different position from that of his intestate in his life time 1 If so, the representative can do what his intestate could not have done himself. He can evade a liability which the intestate could not have evaded.
The ground on which the defendant resists the plaintiff’s demand is, I think, pretensive and without foundation, and does not deserve the countenance of this court. Ex eqiio et bono, the plaintiff is entitled to the money ; and, from the shewing made to us, the defendant must pay it over to him. In his scruples for the unasserted rights of others, there is too much reason to believe that he is a good deal influenced by an eye to his own interests.
For the purpose of having the case tried on its merits, according to such evidence as may be adduced on another trial, the motion to set aside the non-suit is granted.
Richardson, O’Neall, Evans, and Frost, JJ. concurred.
Wardlaw, J.
I now perceive good reason for sustaining this action upon an express promise ; but that there may be a new trial without any prejudice, I will remark that I *127 reported the facts strongly in favor of the plaintiff, in order that, upon his motion to set aside the non-suit, he might have the full benefit of all he supposed he had proved.